Okay, our next case is number 157030, Elliott v. Shinseki. Mr. Elliott, this case involves the issue of equitable tolling and whether or not the appellant may use the provisions of 38 U.S.C. 5104A as a basis for establishing equitable tolling. Can you explain to me exactly what the presumption of regularity is? What is it? As I see it, Your Honor, the presumption of regularity in the context of 7166 is the presumption that there was a mailing of the board decision. It's not a presumption. Is it a presumption it was received or is it just a presumption of mailing? I believe it's just a presumption of mailing because that's all that is required under 7104, excuse me, 7166E. To start the time, technically. To start the time. So technically, her time would expire even if it was undisputed that she never received it, meaning technically if it was returned to sender at the VA, right? The presumption of regularity would still apply because regularity is only deciding if it was mailed. It's nothing to do with receipt or proper processing after being mailed. That's our interpretation of the statutory scheme and that Congress provided separately in 5104A for the VA to provide a copy of the decision. The lower court, as we cited in our brief, has interpreted the word provide as used in 5104 to mean other than mailing or more than mailing or, in fact, actual receipt. And it is the actual receipt which is the basis of Mrs. Elliott's claim that she is entitled to equitable tolling because neither she nor her attorney. But even if I didn't agree with you on 51 whatever it is, and I don't remember the number, even if I didn't agree with you there, I mean, couldn't equitable tolling be a basis for relief when there is indisputably non-receipt? Like in a circumstance where it was returned to the VA and they got it back indicating couldn't be delivered or something like that. I mean, wouldn't equitable tolling create a possible basis for relief from a time bar situation in that set of circumstances? Well, we believe that that is clearly the case, Your Honor, and that equitable tolling should have been applied or afforded in this case based solely upon the representation of Mr. Keenum. My problem with – Judge Moore says indisputably in her hypothetical, but my problem with Mr. Keenum's statement, I guess I don't know if it's an affidavit or not, but it's a statement under oath. But it lacks foundation. He says, for example, I certified that after submitting numerous status update request, singular, to the regional office, there's no identification of who, what, when, where, why, how. I discussed my concerns with Ellis Williams. He has a date, but he still doesn't have all the necessary foundational information. How do we take – and then he says, I certify on behalf of my client that I never received a copy of the denial. Maybe that's sufficient for that purpose, but all the rest of it, there's nothing that we can take – of which we can take cognizance. Well, no, Your Honor, and I'm not sure that's your role to take cognizance of that. The question in this case is whether or not there is a basis for equitable tolling based upon the assertion by the appellant and, in this case, the appellant's counsel. If there's no record before the court below. But there was a record of non-receipt, Your Honor, and I agree with you that this is a less than sterling demonstration of foundation, but it goes to the salient point, which is non-receipt. That he didn't receive it, and I believe there's a separate affidavit in the record from Mrs. Elliott saying that she, too, never received the board decision. But it appears also, though, the board assumed that that was the case. At least they didn't make a finding that there was a lack of foundation or anything like that. I mean, certainly, in these veterans proceedings, they're not bound by the typical rules of evidence, right? Right, although I'm not sure it was ever before the board because it was a question of the – I meant the veterans court. Veterans court, yes, that would be correct, Your Honor. And I don't believe that Judge Davis was concerned about that. I believe his error was that he used the presumption of regularity to end the inquiry. And I do not believe that equitable tolling inquiry ends simply because there is a presumption of regularity for a fact that was not in dispute. There's no dispute by Ms. Elliott that the board did mail timely to her and to her counsel. Mrs. Elliott's position is that neither she nor her counsel ever received the board decision. And therefore, that evidence should have been considered by the veterans court to go to the question of equitable tolling, not to the question of presumption of regularity. Well, even if we accept that it wasn't received, the law about this in other contexts is pretty complicated. There's a whole slew of Supreme Court decisions which address this question of non-receipt where service occurs by mailing. And I'll give you one of the cases. It's called Jones v. Flowers, and it's 547 U.S. 220. I'm sorry, could you repeat that? Jones v. Flowers, it's 547 U.S. 220, which deals with this exact problem where something was mailed. There's non-receipt, and what does due process require under those circumstances? And it deals particularly with the instance in which the government becomes aware of the non-delivery. But I don't mean to get into that in detail here, but I'm just saying this is not an issue which is unique to veterans law. It comes up in all sorts of contexts. It does, Your Honor, but I think in the context of veterans law and in the context of equitable tolling, particularly post-Henderson, we're dealing with a non-jurisdictional statute. Why is this equitable tolling? Why is the non-receipt equitable tolling? What case says that that leads to equitable tolling if there's non-receipt? I'm not sure there is a case that says that. I believe that is the proposition that is put forth in this appeal based upon the language of 5104A and the interpretation by the lower court that the word provide, as used in 5104A, means something more than mailing, and in fact means receipt. Are we limited to that non-receipt, or is there any other circumstances in the record that could justify equitable tolling? Or is that your soul? I don't recall that any other basis for equitable tolling was presented below, and I cannot think at this moment of any basis for equitable tolling. It's not the kind of situation in which there was a misfiling somewhere. Could it be the argument, maybe you're collapsing them into one, and that's why I guess Judge Stake may be exactly right that non-receipt is a difficult ground upon which to establish equitable tolling standing alone, but non-receipt combined with due diligence and, in fact, directly contacting the agency and asking for help and the agency's non-responsiveness, that combination distinguishes simple non-receipt. Non-receipt followed by no diligence on the attorney, just sitting around waiting and saying, well, sometimes these things take years, you never know. But in this case, there is at least evidence in the record that the agency also failed to be responsive to the attorney's claims of non-receipt. Is that maybe – I don't know if that's a separate ground of equitable tolling or part and parcel of your same argument. Your Honor, because at least as I understand the case law before the Veterans Court post-Henderson in their Bove case, that due diligence is part of the criteria. And we believe that there was a showing made by Mrs. Elliott that was not rebutted by the VA that there was due diligence on the part of Mrs. Elliott and her counsel to – You acknowledge that the board would be free to say you didn't adequately show it. There are no dates, no names. Look, when you actually got it, you tell me exactly who and on what date, and the rest of it is just too nonspecific. I mean, I guess I'm kind of along the same lines of Judge Wallach's earlier question, which is while there may well be a case for this, I'm not certain that the facts as pled, even if completely accepted as true in this case necessarily, are enough. And your response to Judge Wallach was, well, it's not your place to decide that. And maybe your response to me, but of course the board would be free to do that. Not the board, Your Honor, the court, the Veterans Court. This would not be an issue before the board because it's the board's decision for purposes of appeal to the Veterans Court. So it would be an inquiry that would be appropriate by the Veterans Court, and that's the point of this appeal, that the exclusive focus by Judge Davis was on the question of the presumption of regularity. And it seems to me that by doing so, he narrowed the scope of equitable tolling to the exclusion of 5104A as had been interpreted by that court. So what you want us to do is to send it back so they can address this question? Yes, Your Honor. Rather than have us decide. I'm not sure that it would be appropriate for this court. It may be that equitable tolling in this context would require three things, the non-receipt, diligence in inquiring about it, and the government as a result being put on notice that there's a problem in not doing anything about it, which is some of these due process cases seem to suggest may also be required there. Yes, Your Honor. And we believe that that is what should have been at issue before the court below as opposed to the question of presumption of regularity. You said yes, Your Honor. You aren't meaning to suggest that you agree that Judge Dyke's three proposed criteria are all required in order to find equitable tolling, were you? No. I just want to make sure. But those inquiries are appropriate to have been made, and those are the inquiries that were within the discretion of the Veterans Court to have been made. The only inquiry that was made below was the question of presumption of regularity. I see that I'm in. Okay. Thank you, Mr. Carman. Thank you. Good morning, and may it please the court. The court should dismiss this appeal. Mrs. Elliott raises arguments to this court that she did not raise below. She argued to the Veterans Court that factually the VA didn't mail the board decision to her, and therefore she did not receive that decision. She didn't say that as a legal matter the VA must show receipt under 5104. Now, it's not just a matter of her failing to cite to the statute. The Veterans Court has to be fairly put on notice as to the substance of the issue that she's raising. But didn't they send it back and say decide equitable tolling? I don't understand. Wasn't it the government in some capacity that said go back and look at equitable tolling in this case? Yes. The Veterans Court initial order said, based upon Henderson, we want Mrs. Elliott to submit her views as to whether or not equitable tolling applies. What she said in response is, I didn't receive the board decision. The Veterans Court then issued another order telling the VA to submit the record showing whether or not the decision was, in fact, mailed. The VA then submitted that record. Why is whether the decision was mailed relevant to whether she received it? Because the only reason she provided for non-receipt was it wasn't mailed to me. She challenged that factual question. But she alleged, I didn't receive it. That's right. I read these affidavits of non-receipt, right? That's right. But the non-receipt issue went to the question of mailing. She never provided another reason why she didn't receive it. I was in the hospital for six months. Does she have to demonstrate that there's a reason she didn't receive it? Does she have to demonstrate either you had the wrong address, the post office chopped up the little bits and burned it? What is it that you think that she has to demonstrate? Well, she has to demonstrate a reason to apply equitable tolling. And when all she says is you didn't mail it to me, you VA didn't mail the decision to me, we then get into the presumption of regularity that applies. Now, that presumption means that the VA is presumed to have properly discharged its official duties by mailing the board decision to her. She can overcome that submission. Where's the brief that you're referring to? I'm sorry? Where is their brief in the appendix that you're referring to? Their submission to the Veterans Court? There were two submissions to the Veterans Court, Your Honor. Her first filing is at page 27 to 28 of the joint appendix. She says, I didn't receive a copy of the decision. The Veterans Court then issued another order saying, VA, please provide evidence that the decision was mailed to the appellant. The VA then provided. On 28, they say the appellant should not be held with a 120-day filing period since the appellant or attorney were given notice of the decision. And her counsel was diligent in attempting to obtain the decision. That's right. And then the VA submitted the record showing that the decision was mailed. And in the VA submission, explained the presumption of mailing. And then in Ms. Amelia's rebuttal. But you started by saying she didn't raise this issue below. That's right. And she actually, by the way, used the words equitable tolling on page 27. And then on page 28 says the appellant should not be held with a 120-day filing period. She doesn't say the appellant didn't receive it or it wasn't mailed in 120 days or the statute is wrong. She said, I shouldn't be held to this period. Fine. I may not have complied with the period, but I shouldn't be held to it because I didn't get it and I was diligent in trying to get it. That's right. But the only reason she then goes on to argue. Remember, the VA then filed its submission and provided. Where's the other brief? It's at the very end of the appendix, Your Honor. Page 107 to 108. Excuse me, 107 to 109. This is her response. This is her response. It's not her primary brief in which she raised the argument. Well, she's not. So from now on, if you don't raise something in your reply, I'm to deem that you never raised it at all. No, one has to look at, obviously, the context of the various submissions. I mean, she said, look, I didn't receive it, right? I mean, we agree. No, no. She said, you asked me about equitable tolling. I shouldn't be held to 120. She actually used the word equitable. You asked me about equitable tolling. I shouldn't be held to 120 days because I didn't receive it, and I was diligent in trying to get it. That's right. And then in response. I should not interpret that argument as her making and preserving an argument related to equitable tolling. Well, what she said in her next submission is, I challenge the factual basis of whether or not the mailing was, in fact, mailed, whether or not the board decision was, in fact, mailed. She didn't say, look, there's another basis for equitable tolling. The VA has its analysis all wrong. I'm arguing as a legal matter that the VA must show receipt. Well, I don't see the board, I mean, the Veterans Court is saying that this issue wasn't properly raised. They don't say that, right? Well, that's because they didn't know that she was making that argument. In other words. They talk about the non-receipt. Yes, exactly, in the context of was the board decision actually mailed. They applied the presumption of regularity, which is, as a legal matter, the correct analysis. Now, that's not to say. Let's assume for the moment we don't agree with you about whether it was raised. What's your argument on the merits? Well, Congress has spoken directly to the issue here in 7266. Congress has said that the appeal period begins to run. Congress never speaks directly to equitable tolling. No, that's right. It doesn't. And as we've acknowledged, certainly non-receipt could serve as a basis for equitable tolling if one provides a reason other than the decision wasn't mailed to me. Well, what do you mean? What kind of reason? One example could be the veteran is in the hospital for three or four months and therefore doesn't actually receive the decision. Well, suppose the post office lost it. Wouldn't that be sufficient? Well, no. That goes to the question of when does the appeal period begin to run. That's not a question of equitable tolling. That's a question of – It's not? I mean, suppose the post office – suppose you had a carrier who was mentally disturbed and he burned all the mail that was addressed to this address. Well, again, that goes – we presume that once the mailing is put in the – given to the post office – So you presume it, but is it an absolute presumption? Well, no. No, it could certainly be rebutted, but that's not equitable tolling. Again, that's when does the – So non-receipt with diligence is not equitable tolling? No, non-receipt for other reasons that don't go to the question of mailing can certainly be a question of equitable tolling. So the veteran should be better off if the veteran was in the hospital than if the post office burned the mail? Well, I mean, look, I'm not aware of instances where the post office is burning the mail. Well, let me give you an example. Let me give you an example. So my postman decided my minivan was too close to the mailbox, so he literally boycotted me and for five days did not deliver mail as a sanction. And he told me that both verbally and in writing in a little letter he stuck in my mailbox, that if I don't park the minivan further away so he can drive up and continue driving, he doesn't want to have to back up, and he certainly doesn't want to have to get out of the car. We had a whole conversation about this. Five days, I got no mail. Five days. So I acquiesced. I'm not going to go to the post office and complain because Lord knows what will happen to my mail then. So instead, I just started parking the minivan in a new location. Well, that would be a case here where people have been discharged from the Postal Service because they burned the mail or deliberately put it in the trash can or not deliver it. It happened. Well, but under the analysis here, the presumption of mailing can certainly be rebutted. Well, take the presumption of mailing. They mailed it, but the post office destroyed it. Well, and that would seem to rebut the presumption that, in fact, it was… Mailed? You still stuck it in the mail. You didn't put it in the mail? Regardless, even if that issue goes to equitable tolling, it's not what was presented here in this case. And the Veterans Court certainly never said that non-receipt can't serve as a bail- Well, the argument seemed to be, when we boil it down, that it was mailed to the wrong address. That's what they seem to be saying. That was her challenge. That's what the court rejected. And that goes to the question of mailing. Okay. Anything further? Your Honor, just one other point. Henderson doesn't change that standard, the question of when the limitations period begins. In fact, the second sentence of Henderson actually noted that the 120 days begins to run after the date when the board's final decision is properly mailed. And again, the Veterans Court did not hold that non-receipt could not serve as a basis for equitable tolling. Okay. Thank you, Your Honor. Thank you, Your Honor. I have nothing further unless there's further questions from the panel. Okay. Thank you, Mr. Garber. Thank you, Your Honor. We thank both counsel. The case is submitted.